# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

CARLOS PABON-LOPEZ,

**Petitioner,**

**v.**

UNITED STATES OF AMERICA,

**Respondent.**

**Civil No.** 22-1238(RAM)

related to

**Criminal No.** 16-624(RAM)

## OPINION AND ORDER

Before the Court is Carlos Pabon-Lopez's ("Petitioner" or "Pabon-Lopez") pro se *Motion to Vacate, Set Aside, or Correct Sentence* ("*Motion*") in Criminal Case No. 16-624 pursuant to 28, U.S.C. § 2255 ("Section 2255"). (Docket No. 1). Having reviewed Petitioner's *Motion*, his *Supplemental and Memorandum of Law in Support of the 2255 Motion*, (Docket No. 6); and the Government's *Response in Opposition* (Docket No. 13), the Court hereby **DENIES** Petitioner's *Motion* and request for an evidentiary hearing.

## I. BACKGROUND

Pabon-Lopez was charged in two separate indictments. In United States v. Maldonado-Fermin et al, Criminal Case No. 16-624, Petitioner was charged with five other co-defendants. (Crim. Case No. 16-624, Docket No. 3). Specifically, Pabon-Lopez was charged with conspiracy to possess with intent to distribute controlled

Civil No. 22-1238(RAM)                                                    2

substances (namely five kilograms or more of a mixture or substance
containing a detectable amount of cocaine) in violation of 21
U.S.C. § 841(a)(1) and 846 ("Count I"); and using a communications
facility (*i.e.*, a cell phone) to facilitate a drug trafficking
crime in violation of 21 U.S.C. § 843(b) ("Count IV"). Id. at 1-
2, 5.

      In  United States v. Rivera-Hernandez et al, Criminal Case
No. 18-597, Pabon-Lopez was charged along with thirty-eight co-
defendants. (Crim. Case No. 18-59, Docket No. 3). Therein,
Petitioner was charged with conspiracy to possess with intent to
distribute controlled substances, specifically 100 grams or more
of a mixture or substance containing a detectable amount of heroin,
5 kilograms or more of a mixture or substance containing a
detectable amount of cocaine, and 1000 kilograms or more of mixture
or substance containing a detectable amount of marihuana, in
violation of 21 U.S.C. § 846 ("Count One"). Id. at 3-4. Pabon-
Lopez was also charged with aiding and abetting in the possession
with intent to distribute cocaine in violation of 21 U.S.C. §
841(a)(1) and 18 U.S.C. § 2 ("Count III"). Id. at 11-12. It is
worth noting that in this indictment, Petitioner is identified as
one of the leaders of the conspiracy. Id. at 8.

      On July 29, 2019, Pabon-Lopez entered into a Plea Agreement
with the government as to both of his pending criminal cases.

Civil No. 22-1238(RAM)                                                    3

(Crim. Case No. 16-624, Docket No. 321).  Petitioner agreed to
plead guilty as to Count One of each pending indictment.  The Plea
Agreement further established that the statutory term of
imprisonment for each count was the same: a minimum term of
imprisonment of 10 years with a maximum term of life in prison; a
term of supervised release of at least 5 years; a potential fine
no greater than $10,000,000.00; and a mandatory special monetary
assessment of $100 per count. (Crim. Case No. 16-624, Docket No.
32 at 1-2). The Plea Agreement also included a joint recommendation
of a term of imprisonment of 135 months for both criminal cases
(Crim. Case Nos. 16-624 and 18-597), to be served concurrently.
Id. at 6. At the Change of Plea Hearing held on July 29, 2019,
the Court accepted Pabon-Lopez's guilty plea as to both counts and
scheduled Petitioner's sentencing hearing.  (Criminal Case No. 16-
624, Docket No. 323).

    Petitioner's Sentencing Hearing was held on February 11,
2020. (Criminal Case No. 16-624 Docket No. 337).  At the hearing,
Petitioner's counsel argued to the Court that it should sentence
Pabon-Lopez to a term of imprisonment of 120 months. (Crim. Case
No. 16-624, Docket No. 338 at 5).  The argument was contrary to
the previously agreed upon sentencing recommendation of 135 months
of imprisonment. Id. The Government requested a continuance of the
Sentencing Hearing as it understood that Pabon-Lopez's request for

Civil No. 22-1238(RAM)                                          4

a sentence lower than the one agreed upon was a breach of the Plea
Agreement. Id.

On July 29, 2021, Pabon-Lopez's Sentencing Hearing resumed.
(Criminal Case No. 16-624 Docket No. 361). After hearing both
parties and a brief recess by the Court; the Court sentenced Pabon-
Lopez in accordance with recommendation of the Plea Agreement.
Id. Petitioner was sentenced to a term of imprisonment of 135
months as to each count, to be served concurrently with each other,
as well as a fine of $35,000.00. Id.

Petitioner did not appeal his sentence. On May 24, 2022,
Pabon-Lopez timely filed the pending motion under 28 U.S.C. § 2255.
(Civil Docket No. 1).

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a), "[a] prisoner in custody
under sentence of a court established by [an] Act of Congress . .
. may move the court which imposed the sentence to vacate, set
aside or correct the sentence." This statute "provides for post-
conviction relief in four instances, namely, if the petitioner's
sentence (1) was imposed in violation of the Constitution, or (2)
was imposed by a court that lacked jurisdiction, or (3) exceeded
the statutory maximum, or (4) was otherwise subject to collateral
attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)
(citing Hill v. United States, 368 U.S. 424, 426-27 (1962)). Claims

that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id.

It is important to note that a motion under Section 2255 is not a surrogate for a direct appeal. Id. As a result, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise his claim on direct appeal, the claim is barred from judicial review unless "the petitioner can show both (1) 'cause' for the having procedurally defaulted" and (2) "'actual prejudice resulting' from the alleged error" asserted. Id. (quoting United States v. Frady, 456 U.S. 152, 167-68 (1982)).

### III. DISCUSSION

In his Section 2255 petition, Pabon-Lopez raises three grounds of ineffective assistance of counsel. Petitioner claims his counsel was ineffective in her failure to (1) raise the argument of a sentencing disparity between Pabon-Lopez and similarly situated co-defendants; (2) argue before the Court as to

the First Step Act of 2018 and its applicability to Pabon-Lopez;

and (3) contest the fine imposed by the Court at sentencing.

(Docket No. 1). Pabon-Lopez further requested an evidentiary

hearing.

In the seminal case <u>Strickland v. Washington</u>, the Supreme

Court explained:

> A convicted defendant's claim that counsel's
> assistance was so defective as to require
> reversal of a conviction or death sentence has
> two components. **First, the defendant must show
> that counsel's performance was deficient.** This
> requires showing that counsel made errors so
> serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by the
> Sixth Amendment. **Second, the defendant must
> show that the deficient performance prejudiced
> the defense.** This requires showing that
> counsel's errors were so serious as to deprive
> the defendant of a fair trial, a trial whose
> result is reliable. Unless a defendant makes
> both showings, it cannot be said that the
> conviction or death sentence resulted from a
> breakdown in the adversary process that
> renders the result unreliable.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (emphasis

added).

To evince deficiency, the defendant must establish that

counsel's performance "fell below an objective standard of

reasonableness under prevailing professional norms." <u>Id.</u> at 688;

*see also* <u>Padilla v. Kentucky</u>, 559 U.S. 356, 366 (2010). Whereas to

show prejudice, a defendant must establish that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

However, under Strickland, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 687 (internal quotation omitted). "The performance standard is to be applied not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). Furthermore, the First Circuit has also cautioned that a court's assessment of deficiency "must be a fairly tolerant one because the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or successful defense." Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (internal quotations omitted).

In the case at bar, Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it, as to each particular instance in which he claims ineffective assistance of counsel. Moreover, the "failure to satisfy one prong of the Strickland analysis obviates

the need for a court to consider the remaining prong." <u>Tevlin v.
Spencer</u>, 621 F.3d 59, 66 (1st Cir.2010). For the reasons discussed
below, Pabon-Lopez has failed in this endeavor.

**A. Alleged failure to raise sentencing disparities**

Pabon-Lopez's first allegation of ineffective assistance of
counsel is meritless as it is contradicted by the record. A review
of the Sentencing Hearing transcript reveals that Petitioner's
attorney did in fact argue for a lower sentence than the stipulated
135 months of imprisonment based on alleged sentencing disparities
between Pabon-Lopez and previously sentenced co-defendants.

In Petitioner's original Sentencing Hearing held on February
11, 2020, defense counsel argued that Petitioner should be
sentenced to 120 months of imprisonment and the Government
requested a continuance of the hearing alleging that counsel's
request for a lower sentence was a breach of the Plea Agreement.
(Crim. Case No. 16-624, Docket No. 338). Pabon-Lopez's sentencing
hearing resumed on July 29, 2021. At this hearing Petitioner's
counsel withdrew her request for a lower sentence so that she would
not breach the Plea Agreement. (Crim. Case No. 16-624, Docket No.
375 at 9). However, counsel vigorously argued that the Court should
look at other co-defendants in Petitioner's case who had received
sentences lower than the 135 months of imprisonment stipulated by
the parties. <u>Id.</u> at 9-10. Counsel's argument on potential

Civil No. 22-1238(RAM)                                                    9

sentencing disparities was extensive and included a break given by the Court for the parties to meet and look at similarly situated co-defendants and their sentences and report back to the Court their findings. Id. at 9-25. After taking a recess to study the alleged disparities, the Court ultimately proceeded to sentence Petitioner to 135 months of imprisonment in accordance with the Plea Agreement. Id. at 36.  Not satisfied with the sentence, counsel once again brought to the Court's attention the issue of sentencing disparity. Id. at 42-43.

A review of the record shows that not only did counsel adamantly raise the existence of sentencing disparities, but the Court also took this argument into consideration before pronouncing its sentence. Thus, counsel preformed her duties effectively and tried at length to convince the Court to impose a lower term of imprisonment than the one in the plea agreement because of alleged sentencing disparities. Accordingly, Petitioner cannot raise a valid claim of ineffective assistance of counsel on the grounds that counsel failed to argue the existence of a sentencing disparity. Pabon-Lopez's first allegation of ineffective assistance of counsel is **Denied.**

**B. Alleged failure to assert the applicability of the First Step Act**

Next, Pabon-Lopez alleges that his counsel was ineffective at

Civil No. 22-1238(RAM)                                              10

sentencing for failing to argue the applicability of the First Step Act to his sentence before the Court. By not doing so, Petitioner posits that he did not receive the benefit of a lower sentence. However, Petitioner is mistaken in his assertion.

The First Step Act became effective in December 2018. The main sentencing reforms within the Act were (1) a reduction of the mandatory minimum sentences for certain drug traffickers with prior drug convictions; (2) expansion of what is referred to as the safety valve; (3) eliminating stacking as relevant to the 25 year mandatory minimum for second or subsequent convictions for use of a firearm in furtherance of a drug trafficking crime or a violent crime; and (4) authorizing courts to apply retroactively the Fair Sentencing Act of 2010, which increased the threshold quantities for crack cocaine offenders sufficient to trigger mandatory minimum sentences. *See* Congressional Research Service, The First Step Act of 2018: An Overview (March 4 2019).

When Petitioner was sentenced on July 29, 2021, the First Step Act of 2018 was already in effect and all relevant applicable sentencing reforms included in the First Step Act were taken into consideration as part of Pabon-Lopez's sentencing calculation. Furthermore, the sentencing reforms brought by the First Step Act do not apply to Pabon-Lopez. Petitioner is not a drug trafficker with a prior conviction, he did not have a prior conviction for

Civil No. 22-1238(RAM)                                                    11

using a firearm in furtherance of a drug trafficking crime or crime of violence, he was not charged or convicted as a crack cocaine offender, and he was not eligible for the safety valve. (Criminal Case 16-624 Docket No. 329).

Contrary to Petitioner's second allegation of ineffective assistance of counsel, there was no argument counsel could have made at sentencing using the provisions of the First Step Act. Therefore, Petitioner's second allegation of ineffective assistance of counsel is **Denied.**

### C. Alleged failure to contest the fine imposed by the Court

As part of Petitioner's sentence, the Court imposed upon him a fine of $35,000.00 (Crim. Case 16-624 Docket No. 361). Pabon-Lopez alleges that his counsel was ineffective at his sentencing hearing because she did not contest the imposition of the fine. Petitioner does not reference any facts on how his attorney's performance was deficient, nor does he tie said deficiency to the imposition of the fine. Thus, Petitioner has not met the standard established by Strickland. Strickland, 466 U.S. at 687.

In addition, Pabon-Lopez did not file an appeal to challenge his conviction and sentence. He raises his discontent with the imposition of a fine for the first time as part of an ineffective assistance of counsel claim. Petitioner cannot use this collateral proceeding to circumvent what should have been argued in an appeal.

Civil No. 22-1238(RAM)                                                   12

As such this claim is procedurally defaulted. <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998).

Finally, a review of the transcript of the Change of Plea hearing leaves no doubt that Pabón-Lopez was well aware and understood that as part of his sentence, the Court could impose a fine of up to ten million dollars per count. The Court specifically asked Pabon-Lopez if he understood this to which he replied he did. (Crim. Case No. 16-624, Docket No. 374 at 14-15). A court is entitled to rely upon the defendant's assurances at the colloquy unless there is good reason for disregarding them. <u>United States v. Pulido</u>, 566 F.3d 52, 59-60 (1st Cir. 2009). Petitioner has not presented any reason as to why his assertions to the court, made under oath, during the change of plea hearing should be set aside. Therefore, Petitioner's final allegation of ineffective assistance of counsel is **Denied.**

### D. Request for Evidentiary Hearing.

"Evidentiary hearings on Section 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." <u>Moreno-Morales v. United States</u>, 334 F.3d 140, 145 (1st Cir. 2003) (citing <u>United States v. McGill</u>, 11 F.3d 223, 225 (1st Cir. 1993). Accordingly, "[a] prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of

right." <u>David</u> v. <u>United States</u>, 134 F.3d 470, 477 (1st Cir. 1998).
Rather, "[t]o progress to an evidentiary hearing, a habeas
petitioner must do more than proffer gauzy generalities or drop
self-serving hints that a constitutional violation lurks in the
wings." <u>Id.</u> at 478. "Thus, no hearing is required if the
petitioner's allegations 'cannot be accepted as true because they
are contradicted by the record, inherently incredible, or
conclusions rather than statements of fact.'" <u>Arredondo v. United
States</u>, 178 F.3d 778, 782 (6th Ci. 1999)(quoting <u>Engelen v. United
States</u>, 68 F.3d 238, 240 (8th Cir. 1995).

As discussed above, the allegations contained in Pabon-Lopez's
Section 2255 petition are contradicted or unsupported by the
record. Therefore Pabon-Lopez's request for an evidentiary hearing
is **Denied.**

## IV. CERTIFICATE OF APPEALABILITY

28 U.S.C.A. § 2253(c)(2) establishes that a district judge
may only issue a certificate of appealability of a section 2255
proceeding "if the applicant has made a substantial showing of the
denial of a constitutional right." In this case, the Court will
not issue a certificate of appealability because, for the reasons
discussed above, there is no substantial showing of the denial of
a constitutional right within the meaning of 28 U.S.C. §
2253(c)(2). *See e.g.,* <u>Morales Torres v. United States</u>, 2019 WL

Civil No. 22-1238(RAM)                                                  14

474217 at * 3 (D.P.R. 2019). Petitioner may seek such a certificate from the Court of Appeals.

### V. CONCLUSION

For the foregoing reasons, Petitioner Carlos Pabon-Lopez's *Motion* under 28 U.S.C. § 2255 at Docket No. 1 is hereby **DENIED.** This case is **DISMISSED with prejudice.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 17th day of April 2024.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
